# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Sapphire Crossing LLC**, | Case No. _____ |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **Quotient Technology Inc.** | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Sapphire Crossing LLC ("Sapphire Crossing"), through its attorney, Isaac Rabicoff, complains against Quotient Technology Inc. ("Quotient") and alleges the following:

### PARTIES

1. Plaintiff Sapphire Crossing LLC is a corporation organized and existing under the laws of Texas and maintains its principal place of business at 5570 FM 423 Suite 250, #2008, Frisco, TX 75034.

2. Defendant Quotient Technology Inc. is a corporation organized and existing under the laws of Delaware and maintains its principal place of business at 400 Logue Avenue, Mountain View, CA 94043. Defendant can be served through its registered agent, VCorp Services, LLC, 1013 Centre Road, Suite 403-B, Wilmington, DE 19805.

### JURISDICTION

3. This is an action for patent infringement arising under the patent laws of

the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Quotient because it has engaged in systematic and continuous business activities in the District of Delaware. Specifically, Quotient resides in this District as it is incorporated in Delaware and provides its full range of services to residents in this District. As described below, Quotient has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Quotient has committed acts of patent infringement in this District and resides in this District. Specifically, Quotient is incorporated in this District and provides its full range of services to residents in this District. In addition, Sapphire Crossing has suffered harm in this District.

## PATENT-IN-SUIT

7. On May 10, 2005, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,891,633 ("the '633 Patent") to Xerox Corporation ("Xerox"), naming Ken Hayward, Marc J. Krolczyk, Dawn M. Marchionda, Thomas L. Wolf and James S. Laird as the inventors. The '633 Patent is titled "Image Transfer System". A copy of the '633 Patent is attached to this Complaint as Exhibit A.

8. Claims 19-20 of the '633 Patent are valid and enforceable. The Patent Trial and Appeal Board denied institution of claims 19-20 and further denied Petitioner's request for a rehearing.

9. On November 25, 2015, Xerox assigned all right, title, and interest in and to the '633 Patent to Ruby Sands LLC, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '633 Patent.

10. On March 26, 2018, Ruby Sands LLC assigned all right, title, and interest in and to the '633 Patent to Sapphire Crossing LLC, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '633 Patent. Accordingly, Sapphire Crossing possesses the exclusive right and standing to prosecute the present action for infringement of the '633 Patent by Quotient.

11. The '633 Patent is directed to a novel image transfer system comprising a transfer device which can be operably connected to a computer. The system includes a reader for reading an image on a first medium, and a display for displaying an image transfer menu for effecting transfer of the image to perform a selected function. For example, the reader can be a mobile electronic device used to take a photograph of a first medium (for example, a receipt), and then offer on the display of the mobile electronic device a menu of different actions that can be selected to accomplish a particular task: for example, get cash rebates from digital coupons based on scanned receipts. A downloadable app can transform the mobile device into the claimed image transfer device. Without the app, the mobile device cannot display the first type of menu, read the receipt, establish a connection with a computer, transfer the image to the computer, or display the second type of menu.

12. Claim 19 of the '633 patent is directed to a method for transferring

information from a first medium wherein the method provides an image transfer device having a scanner for reading an image on the first medium (for example a smartphone); the image transfer device reads the image on the first medium with the scanner (for example taking a picture with the smartphone); the image transfer device then uploads the electronic data including at least a portion of an image transfer menu to be displayed by the image transfer device to the transfer device from a computer connected to the transfer device; and a processor of the image transfer device automatically merges the electronic data with the image read by the scanner and transfers the merged image by the transfer device to a second medium (for example servers).

### QUOTIENT'S INFRINGING SYSTEM AND METHOD

Without authority from Sapphire Crossing, Quotient makes, uses (including by having its employees test), markets, sells, or otherwise provides an image transfer method that uses a reader for reading an image on a first medium, and a display for displaying an image transfer menu to perform a selected function, i.e., Quotient's Coupons.com app (the "Accused Instrumentality"):



Available at: https://www.coupons.com/apps; webpage attached hereto as Exhibit B.

13. Quotient provides a downloadable app for use on mobile devices that transforms such devices into the Accused Instrumentality that performs the elements recited in the claims. *See* Ex. B.

14. Specifically, mobile devices that support Quotient's app must include a camera that, together with Quotient's app, is used in the following infringing manner. Scanning an image on a first medium, for example, the barcode on a paper receipt:













Available at: https://www.youtube.com/watch?v=pry8giuS628; webpage attached hereto as Exhibit C.

15.  Reading the image on the first medium with the scanner. *See* Ex. C.

16. Automatically uploading and displaying on the device's display screen an image transfer menu obtained via a communication channel from Quotient's computer(s), where that menu offers the option to deposit the scanned receipt. *See* Ex. C.

17. Merging the scanned receipt and the selected deposit scanned receipt menu option. *See* Ex. C.

18. Transmitting the merged information from the mobile device to a second medium, for example, Quotient's server(s). *See* Ex. C.

19. On its website, Quotient specifically instructs its customers to use the Accused Instrumentality in a way that infringes at least Claim 19 of the '633 Patent. *See*, *e.g.*, https://help.coupons.com/s/article/How-can-I-download-the-Coupons-com-app; https://help.coupons.com/s/topic/0TO0d000000c46nGAA/couponscom-app; webpages attached hereto as Exhibits D and E respectively.

COUNT I: DIRECT INFRINGEMENT

20. Sapphire Crossing incorporates the above paragraphs herein by reference.

21. As a result of making, using (including having its employees internally test and use the Accused Instrumentality as alleged below), marketing, and providing the Accused Instrumentality, Quotient has and continues to directly infringe at least Claim 19 of the '633 Patent literally and/or under the doctrine of equivalents.

22. As set forth above, the Accused Instrumentality is specifically designed to perform every step of at least Claim 19 of the '633 Patent, and each use of the Accused Instrumentality will result in infringement of at least that claim.

23. Upon information and belief, Quotient has and continues to directly infringe at least Claim 19 of the '633 Patent when it internally tested and used the

Accused Instrumentality.

24. Upon information and belief, Quotient's employees and/or individuals under Quotient's control use the Accused Instrumentality to test the operation of the Accused Instrumentality and its various functions, in the infringing manner described here, and thereby infringes at least Claim 19 of the '633 Patent. Sapphire Crossing therefore alleges that Quotient has and continues to directly infringe the '633 Patent by using the Accused Instrumentality to perform at least the method of Claim 19.

25. Upon information and belief, Quotient also has and continues to directly infringe at least Claim 19 of the '633 Patent when its employees use the Accused Instrumentality. Upon information and belief, Quotient's employees and/or individuals under Quotient's control use the Accused Instrumentality in an infringing manner and described in detail in the above section (INFRINGING SYSTEM AND METHOD). Sapphire Crossing therefore alleges that Quotient directly infringes the '633 Patent by using the Accused Instrumentality to perform the method of at least Claim 19.

26. Since at least the date that this Complaint was filed, Quotient has willfully infringed at least Claim 19 of the '633 Patent by directly infringing the patent with knowledge of the patent and despite an objectively high likelihood that its actions constituted infringement of the '633 Patent.

27. Sapphire Crossing has suffered damages as a result of Quotient's direct infringement of the '633 Patent.

28. Sapphire Crossing is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

29. Sapphire Crossing will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

### COUNT II: INDIRECT INFRINGEMENT

30. Sapphire Crossing incorporates the above paragraphs herein by reference.

31. **Induced Infringement.** Quotient has also actively induced, and continues to induce, the infringement of at least Claim 19 of the '633 Patent by actively inducing its customers, including merchants and end-users to use the Accused Instrumentality in an infringing manner as described above.

32. Upon information and belief, Quotient has specifically intended that its customers use the Accused Instrumentality in a manner that directly infringes at least Claim 19 of the '633 Patent by, at a minimum, providing access to, support for, training and instructions for, the Accused Instrumentality to its customers, and thereby directs them to infringe at least Claim 19 of the '633 Patent, as described above (specifically, as described above in INFRINGING SYSTEM AND METHOD).

33. Quotient has been aware of the '633 Patent since at least the filing date of this Complaint, and, upon information and belief, knew since at least this date that the use of the Accused Instrumentality constitutes direct infringement of the '633 Patent.

34. Upon information and belief, at least one of Quotient's customers has used the Accused Instrumentality in a manner that infringes the '633 Patent since Quotient became aware of the '633 Patent and that the Accused Instrumentality infringes this patent.

35. **Contributory Infringement.** Quotient has also contributed to the

infringement of at least Claim 19 of the '633 Patent by providing the Accused Instrumentality to, among others, its customers, and by advertising, promoting, encouraging, instructing and aiding others to use the Accused Instrumentality in an infringing manner.

36. Quotient has engaged in these activities knowing that the Accused Instrumentality is especially made and adapted for use, and is in fact used, in a manner that constitutes infringement of at least Claim 19 of the '633 Patent. The Accused Instrumentality is not a staple article or commodity of commerce that is suitable for substantial non-infringing uses.

37. Since at least the filing date of this Complaint, Quotient has known that the use of the Accused Instrumentality infringes the '633 Patent, and that such combination of components has no substantial non-infringing use.

38. Sapphire Crossing has suffered damages as a result of Quotient's indirect infringement of the '633 Patent.

39. Sapphire Crossing is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

40. Sapphire Crossing will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sapphire Crossing prays for judgment against Quotient on all the counts and for the following relief:

A. A declaration that Sapphire Crossing is the owner of the right to sue and to recover for infringement of the '633 Patent being asserted in this action;

B. A declaration that Quotient has directly infringed, actively induced the infringement of, and/or contributorily infringed the '633 Patent;

C. A declaration that Quotient and its customers are jointly or severally responsible for the damages from infringement of the '633 Patent through the use of the Quotient's Mobile app;

D. A declaration that Quotient is responsible jointly or severally with its customers for the damages caused by the infringement of the '633 Patent through the use of the Quotient Mobile app by Quotient's customers;

E. An accounting for damages under 35 U.S.C. § 284 for infringement of the '633 Patent by Quotient, and the award of damages so ascertained to Sapphire Crossing together with interest as provided by law;

F. An award of Sapphire Crossing 's costs and expenses;

G. An award of Sapphire Crossing 's attorney fees; and

H. Such other and further relief as this Court may deem proper, just and equitable.

Dated: October 31, 2018               Respectfully submitted,

/s/ Timothy Devlin

Timothy Devlin
Delaware Bar No. 4241
DEVLIN LAW FIRM LLC
1306 N. Broom Street, 1st Floor
Wilmington, DE 19806
Phone: (302) 449-9010
tdevlin@devlinlawfirm.com

Isaac Rabicoff
(*Pro Hac Vice Admission Pending*)
isaac@rabilaw.com
Kenneth Matuszewski
(*Pro Hac Vice Admission Pending*)
kenneth@rabilaw.com
Rabicoff Law LLC
73 W Monroe
Chicago, IL 60603
(773) 669-4590

***Counsel for Plaintiff***