IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Sapphire Crossing LLC,**<br><br>    Plaintiff,<br><br>    v.<br><br>**Robinhood Markets, Inc.,**<br><br>    Defendant. | Case No. 18-1717-MN-CJB<br><br>Patent Case<br><br>Jury Trial Demanded |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Sapphire Crossing LLC ("Sapphire"), through its attorneys, complains of Robinhood Markets, Inc. ("Robinhood"), and alleges the following:

**PARTIES**

1.  Plaintiff Sapphire Crossing LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 5570 FM 423, Suite 250, #2008, Frisco, TX 75034.

2.  Defendant Robinhood Markets, Inc. is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 4950 College Boulevard, Overland Park, KS 66211.

**JURISDICTION**

3.  This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4.  This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

1

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District, and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, has an established place of business in this District, and is incorporated in this District's state. In addition, Sapphire has suffered harm in this district.

## PATENT-IN-SUIT

7. Sapphire is the assignee of all right, title and interest in United States Patent No. 6,891,633 (the "'633 Patent"); (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Sapphire possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

### The '633 Patent

8. The '633 Patent is entitled "Image transfer system," and issued 5/10/2005. The application leading to the '633 Patent was filed on 7/30/1999. A true and correct copy of the '633 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '633 Patent is valid and enforceable.

### THE MERGING STEP CAPTURES AN INVENTIVE CONCEPT, WHOSE IMPLEMENTATION IS DETAILED IN THE SPECIFICATION

10.  THE DECLARATION OF INVENTOR MANSOOR ANJARWALA provides expert testimony demonstrating, among other things, that the Merging Step captures an inventive concept, whose implementation is detailed in the specification. *See* Exhibit 3.

11.  Pebble Tide therefore incorporates THE DECLARATION OF INVENTOR MANSOOR ANJARWALA, attached hereto as Exhibit 3, into the pleadings here. *See* Exhibit 3.

### NO PRIOR ART IN THE SPECIFICATION OR THE MATERIALS CONSIDERED BY ANJARWALA RENDERS THE MERGING STEP CONVENTIONAL

12.  THE DECLARATION OF INVENTOR MANSOOR ANJARWALA also provides expert testimony demonstrating that no prior art in the specification or the Materials Considered by Anjarwala renders the Merging Step conventional. *See* Exhibit 3.

### COUNT 1: INFRINGEMENT OF THE '633 PATENT

13.  Sapphire incorporates the above paragraphs herein by reference.

14.  **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '633 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least Robinhood's Image Capture (among the "Exemplary Robinhood Products") that infringe at least exemplary claims 19 and 20 of the '633 Patent (the "Exemplary '633 Patent Claims") literally or by the doctrine of equivalence. On information and belief, numerous other devices that infringe the claims of the '633 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

15.  Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '633 Patent Claims, by having its employees internally test and use these Exemplary Products.

16.     Exhibit 2 includes charts comparing the Exemplary '633 Patent Claims to the Exemplary Robinhood Products.  As set forth in these charts, the Exemplary Robinhood Products practice the technology claimed by the '633 Patent.  Accordingly, the Exemplary Robinhood Products incorporated in these charts satisfy all elements of the Exemplary '633 Patent Claims.

17.     Sapphire therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

18.     Sapphire is entitled to recover damages adequate to compensate for Defendant's infringement.

**JURY DEMAND**

19.     Under Rule 38(b) of the Federal Rules of Civil Procedure, Sapphire respectfully requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Sapphire respectfully requests the following relief:

A.     A judgment that the '633 Patent is valid and enforceable;

B.     A judgment that Defendant has infringed one or more claims of the '633 Patent;

C.     A judgment that Defendant has willfully infringed one or more claims of the '633 Patent with an award of treble damages;

D.     An accounting of all damages not presented at trial;

E.     A judgment that awards Sapphire all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Patent-in-Suit, up until the date such judgment is entered, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and,

4

if necessary, to adequately compensate Sapphire for Defendant's infringement, an accounting:

i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Sapphire be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

ii. that Sapphire be awarded costs, and expenses that it incurs in prosecuting this action; and

iii. that Sapphire be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: July 6, 2020

Respectfully submitted,

/s/Stamatios Stamoulis
Stamatios Stamoulis (No. 4606)
800 N. West Street, Third Floor
Wilmington, DE 19801
Telephone: (302) 999-1540
Facsimile: (302) 762-1688
stamoulis@swdelaw.com

Isaac Rabicoff
(*Pro Hac Vice admission pending*)
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff**
**Sapphire Crossing LLC**