# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Sapphire Crossing LLC,**<br>            Plaintiff,<br><br>v.<br><br>**Quotient Technology, Inc.**<br>            Defendant. | 1:18-cv-01717-MN-CJB (LEAD) |
| **Sapphire Crossing LLC,**<br>            Plaintiff,<br>v.<br>**Robinhood Markets, Inc.**<br>            Defendant. | 1:19-cv-01402-MN-CJB |

## DEFENDANT ROBINHOOD MARKETS, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT <u>PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE</u>

Jason C. White (admitted *pro hac vice*)
Scott D. Sherwin (admitted *pro hac vice*)
Brittany A. Washington (*pro hac vice* pending)
Morgan, Lewis & Bockius LLP
77 West Wacker Drive, Sixth Floor
Chicago, IL 60601
Telephone: 312.324.1000
jason.white@morganlewis.com
scott.sherwin@morganlewis.com
brittany.washington@morganlewis.com

Amy M. Dudash (DE Bar No. 5741)
Morgan, Lewis & Bockius LLP
The Nemours Building
1007 North Orange Street, Suite 501
Wilmington, Delaware 19801
Telephone: 302.574.3000
amy.dudash@morganlewis.com

*Attorneys for Defendant*
*Robinhood Markets, Inc.*

Dated: July 31, 2020

**TABLE OF CONTENTS**

I.      NATURE AND STAGE OF THE PROCEEDINGS .............................................. 1

II.     SUMMARY OF THE ARGUMENT ................................................... 1

III.    FACTUAL BACKGROUND ........................................................ 2

IV.     LEGAL STANDARD ............................................................. 5

V.      ARGUMENT .................................................................... 6

        A.   The FAC Fails To State A Claim For Direct Infringement. ............................ 6

        B.   The FAC Fails To State A Claim For Divided Infringement. ......................... 9

        C.   The FAC Fails To State A Claim For Willful Infringement......................... 15

        D.   The FAC Fails To Plead Compliance With The Notice And Marking Statute, 35 U.S.C.
             § 287(a)..................................................................... 16

VI.     CONCLUSION................................................................. 18

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
797 F.3d 1020 (Fed. Cir. 2015) (en banc)................................................................6, 9, 10, 14

*American Med. Sys., Inc. v. Med. Eng'g Corp.*,
6 F.3d 1523 (Fed. Cir. 1993)...........................................................................................17

*Andrulis Pharm. Corp. v. Celgene Corp.*,
No. CV 13-1644-RGA, 2014 WL 1572906 (D. Del. Apr. 10, 2014) ......................................9

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*,
876 F.3d 1350 (Fed. Cir. 2017)........................................................................................17

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...........................................................................................3, 6, 15

*AstraZeneca AB v. Apotex Corp.*,
782 F.3d 1324 (Fed. Cir. 2015)........................................................................................16

*Babbage Holdings, LLC v. Activision Blizzard, Inc.*,
No. 2:13-CV-750, 2014 WL 2115616 (E.D. Tex. May 15, 2014) ........................................16

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).....................................................................................................6

*Chalumeau Power Sys. LLC v. Alcatel-Lucent*,
No. CIV.A. 11-1175-RGA, 2012 WL 6968938 (D. Del. July 18, 2012)..............................16

*Desenberg v. Google, Inc.*,
392 F. App'x 868 (Fed. Cir. 2010) ...................................................................................9

*Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*,
845 F.3d 1357 (Fed. Cir. 2017)........................................................................................10

*Ericsson, Inc. v. D-Link Sys., Inc.*,
773 F.3d 1201 (Fed. Cir. 2014)...................................................................................6, 7, 8

*Express Mobile, Inc. v. DreamHost LLC*,
No. 1:18-CV-01173-RGA, 2019 WL 2514418 (D. Del. Jun. 18, 2019) ................................17

*IMX, Inc. v. LendingTree, LLC*,
No. 1:03-CV-01067-SLR, D.I. 225 (D. Del. Dec. 16, 2005)..............................................17

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
  No. CV 18-452-WCB, 2019 WL 330515 (D. Del. Jan. 25, 2019) .........................................10

*Johnson v. IVAC Corp.*,
  885 F. 2d 1574 (Fed. Cir. 1989)......................................................................................6

*Koninklijke Philips N.V. v. Zoll Med. Corp.*,
  656 F. App'x 504 (Fed. Cir. 2016) ..................................................................................6

*Lum v. Bank of Am.*,
  361 F.3d 217 (3d Cir. 2004)............................................................................................6

*Lyda v. CBS Corp.*,
  838 F.3d 1331 (Fed. Cir. 2016).................................................................................10, 12

*Memory Integrity, LLC v. Intel Corp.*,
  No. 3:15-CV-00262-SI, 2015 WL 4251026 (D. Or. July 13, 2015)....................................16

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
  545 U.S. 913 (2005)......................................................................................................14

*Meyer Intellectual Props. Ltd. v. Bodum, Inc.*,
  690 F.3d 1354 (Fed. Cir. 2012)........................................................................................6

*Nalco Co. v. Chem-Mod, LLC*,
  883 F.3d 1337 (Fed. Cir. 2018)......................................................................................10

*Princeton Digital Image Corp. v. Ubisoft Entm't SA*,
  No. CV 13-335-LPS-CJB, 2016 WL 6594076 (D. Del. Nov. 4, 2016).................................16

*Ricoh Co., Ltd. v. Quanta Comp. Inc.*,
  550 F.3d 1325 (Fed. Cir. 2008)........................................................................................6

*Ruby Sands LLC v. Am. Nat'l Bank of Texas*,
  No. 2:15-CV-1955, D.I. 14 (E.D. Tex. Mar. 29, 2016) .......................................................3, 7

*Ruby Sands LLC v. Amegy Bank*,
  2:15-CV-1936, D.I. 8 (E.D. Tex. Mar. 11, 2016) ...................................................................3

*Ruby Sands LLC v. Commercial Bank of Texas*,
  2:15-CV-1971, D.I. 8 (E.D. Tex. Mar. 15, 2016) ...................................................................3

*Sentius Int'l, LLC v. Apple Inc.*,
  No. 4:20-CV-00477, 2020 WL 2850286 (N.D. Cal. June 2, 2020).........................8, 9, 11, 12

*Sentry, Inc. v. Tropp*,
  877 F.3d 1370 (Fed. Cir. 2017)......................................................................................10

*Sonrai Sys., LLC v. AMCS Group, Inc.*,
    No. 16-C9404, 2017 WL 4281122 (N.D. Ill. Sept. 27, 2017) .................................................13

*Unified Patents Inc. v. Ruby Sands LLC*,
    IPR2016-00723 ..........................................................................................................................4

*Valinge Innovation AB v. Halstead New England Corp.*,
    No. CV 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018) .............................15

**Statutes**

35 U.S.C. § 287(a) .............................................................................................................................16

**Other Authorities**

Fed. R. Civ. P. 11 ..........................................................................................................................3, 5

Fed. R. Civ. P. 12(b)(6) .....................................................................................................................5

Federal Rule of Civil Procedure 12(b)(6) ........................................................................................18

Federal Rules of Civil Procedure Rule 8(a) .......................................................................................5

## I.     NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Sapphire Crossing LLC ("Sapphire") filed this lawsuit against defendant

Robinhood Markets, Inc. ("Robinhood") on July 28, 2019.  After a stay pending resolution of a

motion to dismiss in related actions was lifted, Sapphire filed the operative First Amended

Complaint (the "FAC") on July 6, 2020.  *See* C.A. No. 1:18-cv-01717-MN-CJB, D.I. 109.

Robinhood now moves to dismiss the FAC with prejudice.

## II.    SUMMARY OF THE ARGUMENT

Sapphire's FAC is fatally flawed in at least four ways.

First, the FAC's allegation of direct infringement against Robinhood is not plausible on

its face.  Asserted method claims 19 and 20 require the accused infringer to "provid[e] an image

transfer device."  Sapphire asserts that an image transfer device is a smartphone.  However,

Robinhood does not make smartphones or provide them to end-users and Sapphire does not

allege as much.  Instead, end-users provide their own smartphones.  A prior court has already

analyzed the "image transfer device" limitation and ruled that it was not plausible to allege that

the defendants—there, a group of banks—could meet this limitation.  The court dismissed the

complaint with prejudice and wondered how the plaintiff could have satisfied its obligation to

perform a pre-suit investigation before filing its complaint.  The same is true in this case.

Because Robinhood does not "provid[e] an image transfer device," Sapphire has no good faith

basis to assert that Robinhood directly infringes these claims.

Second, the FAC's allegation of direct divided infringement against Robinhood, whereby

Robinhood allegedly directs or controls its end-users, is also not plausible on its face.

Robinhood does not and cannot control the millions of people that use its service.  Furthermore,

Robinhood does not require any of its end-users to perform the allegedly infringing method steps

of claims 19 and 20.  As such, there is no good faith basis to assert direct divided infringement against Robinhood.

Third, there is no plausible basis to assert that Robinhood committed willful infringement.  A sufficient allegation of willful infringement requires a good faith pleading that Robinhood had knowledge of the patent-in-suit (along with pleading other elements).  However, Robinhood did not know about this patent until it was served with this lawsuit.  By that time, the patent was already expired.  Thus, at no time during the life of the patent did Robinhood have knowledge of its existence, let alone sufficient knowledge to have committed willful infringement.  As such, Sapphire's willful infringement allegation is deficient.

Fourth, Sapphire bears the burden of pleading compliance with the notice and marking statute as a prerequisite to seeking past damages.  However, the FAC is devoid of any such allegation.  In particular, the FAC lacks a good faith allegation that the patent-in-suit was properly marked on all licensed products.  As such, Sapphire's demand for past damages is legally deficient.

Sapphire knew or should have known about all of these issues before it filed the FAC.  Robinhood sent Sapphire multiple detailed letters explaining the deficiencies with Sapphire's previous allegations and with this lawsuit in general.  Sapphire chose to ignore those warnings and filed the fatally flawed FAC anyway.  Because Sapphire failed to perform a sufficient pre-filing investigation, and failed to address the issues explicitly raised in Robinhood's letters, Robinhood respectfully requests that this Court dismiss Sapphire's FAC with prejudice.

## III.   FACTUAL BACKGROUND

The only patent asserted in this case—U.S. Patent No. 6,891,633 ("the '633 patent")—has been asserted almost sixty times in lawsuits by Sapphire and a prior owner, Ruby Sands LLC ("Ruby Sands"). (Ex. A, Cases Asserting the '633 Patent).  Most of the lawsuits filed by Ruby

Sands and Sapphire were dismissed very quickly, likely due to a private settlement.  However, some defendants moved to dismiss Ruby Sands' complaint for failure to comply with the *Twombly/Iqbal* standard on the grounds that Ruby Sands did not adequately plead direct infringement.  *See Ruby Sands LLC v. Am. Nat'l Bank of Texas*, No. 2:15-CV-1955, D.I. 14 (E.D. Tex. Mar. 29, 2016) ("*Am. Nat'l Bank of Texas*").[1]  In particular, these defendants explained that there was no good faith basis to assert that they made, sold, or used the claimed "***image transfer device***" (*i.e.*, a mobile device).  *Am. Nat'l Bank of Texas*, No. 2:15-CV-1955, D.I. 14 at 5-7.  The court agreed and found the complaint "***fatally flawed***."  *Am. Nat'l Bank of Texas*, No. 2:15-CV-1955, 2016 WL 3542430, at *4.  The court found that it was not even remotely possible to allege that the defendants—a group of banks—made, used, offered to sell, or sold mobile devices.  *Id*.  In fact, the court was "left to wonder whether [plaintiff] performed a thorough pre-suit investigation, as required by the Federal Rules, to craft a plausible infringement theory before filing its complaint." *Id.* (citing Fed. R. Civ. P. 11; *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.")).  As a result, on June 28, 2016, the court dismissed the cases with prejudice. *Id.* at *5.

The Patent Trial and Appeal Board ("PTAB") has also analyzed claims of the '633 patent.  On August 29, 2016, the PTAB instituted an *inter partes* review of claims 1-18 and 21-

---

[1] *Ruby Sands LLC v. Am. Nat'l Bank of Texas*, No. 2:15-CV-1955 ("*Am. Nat'l Bank of Texas*") is the consolidated lead case composed of separate actions against ten defendants. The defendants American National Bank of Texas, Commercial Bank of Texas, Amegy Bank, and Cathay Bank filed substantially similar motions to dismiss. *See Am. Nat'l Bank of Texas*, No. 2:15-CV-1955, D.I. 14 (E.D. Tex. Mar. 29, 2016); *Am. Nat'l Bank of Texas*, No. 2:15-CV-1955, D.I. 59 (E.D. Tex. Jul. 1, 2016); *Ruby Sands LLC v. Commercial Bank of Texas*, 2:15-CV-1971, D.I. 8 (E.D. Tex. Mar. 15, 2016); *Ruby Sands LLC v. Amegy Bank*, 2:15-CV-1936, D.I. 8 (E.D. Tex. Mar. 11, 2016).

26 of the '633 patent. *Unified Patents Inc. v. Ruby Sands LLC*, IPR2016-00723 at Paper 7 (PTAB Aug. 29, 2016). At the request of Ruby Sands, on January 6, 2017, the PTAB canceled all claims except claims 19 and 20. *Id.* at Paper 18 (PTAB Jan. 6, 2017).

On March 23, 2018, Ruby Sands assigned the '633 patent to Sapphire, the plaintiff in this matter.[2]

From April 4, 2018 to May 29, 2020, Sapphire asserted claims 19 and 20 of the '663 patent against at least twenty-nine companies. *See* Ex. A at 1-2. Asserted claim 19 is a method claim comprising five main steps:

> A method for transferring information from a first medium, the method comprising the steps of:
>
> > ***providing an image transfer device*** having a scanner for reading an image on the first medium;
> >
> > ***reading the image*** on the first medium with the scanner;
> >
> > ***automatically uploading electronic data*** including at least a portion of an image transfer menu to be displayed by the image transfer device to the transfer device from a computer connected to the transfer device;
> >
> > with a processor of the image transfer device, ***automatically merging the electronic data with the image*** read by the scanner; and
> >
> > ***transferring the merged image*** by the transfer device to a second medium.

'633 patent col. 18 (claim 19) (emphasis added).

Despite the Texas court's prior ruling about the "image transfer device"—and the court's explicit warning that asserting such an allegation may not comply with Rule 11—Sapphire

---

[2] *See* Ex. B, *Patent Assignment Search*, U.S. PATENT AND TRADEMARK OFFICE, https://assignment.uspto.gov/patent/index.html#/patent/search/resultAbstract?id=6891633&type =patNum (last visited Jul. 27, 2020).

continues to allege that defendants who indisputably do not make smartphones or provide them to end-users "provid[e] an image transfer device" to support its infringement allegations.

On July 28, 2019, Sapphire filed its original complaint against Robinhood, including the "image transfer device" allegation in claims 19 and 20. Robinhood had no knowledge of the '633 patent prior to this lawsuit being filed, and Sapphire failed to allege otherwise. This case was stayed pending the outcome of a motion to dismiss under Section 101 filed by other defendants. After the stay was lifted on April 6, 2020, Robinhood sent a letter to Sapphire explaining that it does not make "image transfer devices" (*i.e.*, smartphones) or provide them to the end-users of Robinhood's service, as required by asserted claims 19 and 20. Ex. C, Jun. 19, 2020 Letter from Sherwin to Rabicoff.[3] As such, Robinhood asked Sapphire to drop its direct infringement allegation because Sapphire could not possibly have a good faith basis to assert that Robinhood makes smartphones or provides them to its end-users. But Sapphire ignored Robinhood's letter, just like it ignored the court's prior ruling, and continues to allege in the FAC (D.I. 109), without basis, that Robinhood practices the claims.

## IV.   LEGAL STANDARD

Rule 8(a) of the Federal Rules of Civil Procedure provides that a claim must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Dismissal is proper if Sapphire "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the court must determine whether the plaintiff has alleged sufficient facts to state a claim for relief that is "plausible on its face."

---

[3] Shortly after Sapphire filed suit, Robinhood sent Sapphire two Rule 11 letters on September 16, 2019 (Ex. D, Sept. 16, 2019 Letter from Lordgooei to Rabicoff) and November 4, 2019 (Ex. E, Nov. 4, 2019 Letter from Lordgooei to Rabicoff). Both letters explained in detail that Sapphire lacked a good faith basis to pursue its patent infringement claims.

*Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This standard is met when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  In making this assessment, "a court must accept as true all of the allegations contained in a complaint . . . [but this tenant] is inapplicable to legal conclusions [because] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*. at 678 (citing *Twombly*, 550 U.S. at 555).  The factual allegations must "raise a right to relief above the speculative level" and must cross "the line from conceivable to plausible."  *Twombly*, 550 U.S. at 555, 570.  In evaluating a motion to dismiss, the court may consider "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."  *Lum v. Bank of Am.*, 361 F.3d 217, n.3 (3d Cir. 2004).

## V.     ARGUMENT

### A.     The FAC Fails To State A Claim For Direct Infringement.

Direct infringement of a method claim occurs only if "all steps of a claimed method are performed by or attributable to a single entity."  *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (en banc).  Therefore, to state a claim, Sapphire must plead that Robinhood performs each and every method step in asserted claims 19 and 20.  *See Johnson v. IVAC Corp.*, 885 F. 2d 1574, 1577 (Fed. Cir. 1989).  Because a method is not sold in the same way devices are, neither the sale of a product nor the sale of software that allegedly performs a claimed method constitutes direct infringement.  *Meyer Intellectual Props. Ltd. v. Bodum, Inc.*, 690 F.3d 1354, 1366 (Fed. Cir. 2012); *Ricoh Co., Ltd. v. Quanta Comp. Inc.*, 550 F.3d 1325, 1335 (Fed. Cir. 2008).  Instead, "***the direct infringer would be the party who put[s] that apparatus to use to perform the patented method***."  *Koninklijke Philips N.V. v. Zoll Med. Corp.*, 656 F. App'x 504, 521 (Fed. Cir. 2016) (citing *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201,

1221 (Fed. Cir. 2014)).  Put simply, Federal Circuit precedent is clear that direct infringement of a method claim cannot be based on "sales of an end user product which performs the entire method . . . ." *Ericsson*, 773 F.3d at 1222.  In this case, Sapphire cannot sufficiently plead direct infringement against Robinhood for at least the following three reasons.

First, the asserted claims require "providing an image transfer device having a scanner for reading an image of the first medium."  Sapphire asserts that an "image transfer device" is a smartphone.[4]  D.I. 109-2 at 3.  However, just like other defendants that challenged the '633 patent, Robinhood does not make, sell, or otherwise provide end-users with smartphones.  *See Am. Nat'l Bank of Texas*, No. 2:15-CV-1955-JRG, 2016 WL 3542430, at *4 (finding that the plaintiff's direct infringement pleadings were "constructed upon a fatally flawed foundation" where the asserted claims required mobile devices and the plaintiff made no allegations "that even remotely suggest that [the defendant], a bank, makes, uses, offers to sell, or sells mobile devices").  For this reason alone, the FAC is fatally flawed and the direct infringement allegation against Robinhood should be dismissed with prejudice.

Second, Sapphire alleges that "[t]he method for transferring information . . . provides an image transfer device (e.g., smartphone) having a scanner (e.g., camera of the smartphone) for reading an image on the first medium."  D.I. 109-2 at 3.  However, it is nonsensical to suggest that "[t]he method for transferring information" (*i.e.*, using software) constitutes provision of an actual smartphone to the end-user by Robinhood.  Put simply, Sapphire's allegation that

---

[4] Sapphire sets forth a confounding interpretation of the "image transfer device" limitation.  It originally identifies an "image transfer device" as a smartphone.  D.I. 109-2 at 3. Yet only one sentence later, Sapphire argues that the "image transfer device" is "***in*** the smartphone."  *Id.* (emphasis added).  For the purpose of this motion, Robinhood treats the "image transfer device" as a smartphone.  Under either interpretation, the complaint is deficient because Robinhood does not provide smartphones to its end-users.

Robinhood's app somehow provides an actual smartphone to an end-user is not plausible.  For

this reason as well, the direct infringement allegation should be dismissed.

Third, Sapphire's allegations are deficient because a method claim can only be infringed

if the accused infringer—Robinhood—"***actually perform[s]*** that method."  *Ericsson,* 773 F.3d at

1221 (emphasis in original).  Developing software that end-users install on their own devices

does not infringe a method claim.  This is because "[d]evices do not use a method for purposes

of patent infringement—***people do***. Accordingly, the use of a method by a device creates liability

***for the party that controls the device***."  *Sentius Int'l, LLC v. Apple Inc.*, No. 4:20-CV-00477,

2020 WL 2850286, at *4 (N.D. Cal. June 2, 2020) (emphasis added).

As such, the relevant inquiry is whether Sapphire has plausibly alleged that Robinhood,

not a third-party and not the accused software, performs every method step required by the

asserted claims.  Sapphire cannot meet this standard.  Robinhood does not perform any of the

method steps in claim 19:  "providing the image transfer device," "reading the image,"

"automatically upload[ing] electronic data," "automatically merg[ing] the electronic data with

the image," or "transferring the merged image."  If these method steps are performed at all, they

occur when the end-users perform certain actions using their own smartphones—actions that

Robinhood has no control over.  Put simply, Robinhood cannot plausibly perform all, or even

one, of the method steps required by the asserted claims.  *See Sentius*, No. 4:20-CV-00477, 2020

WL 2850286, at *4 ("practicing a step via software instructions does not state [a] claim for direct

infringement unless [the accused infringer] actually operates the accused products that execute

the software").

A complaint is fatally flawed, and a direct infringement allegation should be dismissed,

when a third-party allegedly performs even one of the claimed method steps.  For example, the

plaintiff in *Desenberg v. Google, Inc.*, 392 F. App'x 868, 871 (Fed. Cir. 2010), alleged that Google directly infringed a method claim because Google provided the network whereby the claimed method was allegedly practiced. *Id.* at 870-71. But the Federal Circuit affirmed the district court's ruling that Google did "not itself perform all of the steps of the claim" because the claim "clearly require[d] the participation of multiple parties." *Id.* Because the plaintiff could "not realistically allege" that Google performed all steps of the claim, the Federal Circuit affirmed the district court's dismissal of the complaint. *Id.*; *see also Andrulis Pharm. Corp. v. Celgene Corp.*, No. CV 13-1644-RGA, 2014 WL 1572906, at n.1 (D. Del. Apr. 10, 2014) (dismissing plaintiff's direct infringement claim where method claim could "not possibly be read to make direct infringers out of anyone other than [third-parties]"). Therefore, as in *Sentius*, *Desenberg*, and *Andrulis*, Sapphire's direct infringement allegation fails and should be dismissed.

Any further amendment of the FAC would be futile because Sapphire cannot plausibly allege that: (1) Robinhood provides smartphones to users, (2) Robinhood's app provides smartphones to anyone, or (3) Robinhood performs all of the method steps in claim 19. Sapphire was aware of these deficiencies before it filed the FAC, yet it failed to address them. *See* Ex. C. As such, dismissal with prejudice is proper.

**B.      The FAC Fails To State A Claim For Divided Infringement.**

The FAC also fails to allege a plausible theory of divided infringement. "Where more than one actor is involved in practicing the [claimed method] steps," the key inquiry is whether "the acts of one are attributable to the other such that a single entity is responsible for the infringement." *Akamai*, 797 F.3d at 1022. Therefore, to plead a claim of divided infringement, Sapphire must allege facts "sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction or control' over

9

the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016) (citing *Akamai* 797 F.3d at 1022).

Sapphire relies on the direction or control theory of joint infringement, but the FAC does not contain any plausible allegations to support that theory.[5]  To satisfy the direction or control standard, the FAC must include plausible allegations that Robinhood "conditions participation in an activity or receipt of a benefit upon others' performance of one or more steps of a patented method" and that Robinhood "establish[es] the manner or timing of that performance." *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. CV 18-452-WCB, 2019 WL 330515, at *1 (D. Del. Jan. 25, 2019) (citing *Akamai*, 797 F.3d at 1023); *see also Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1351 (Fed. Cir. 2018).  Liability under this theory requires showing that "a third party hoping to obtain access to certain benefits can only do so if it performs certain steps identified by the defendant, and does so under the terms prescribed by the defendant." *Travel Sentry, Inc. v. Tropp*, 877 F.3d 1370, 1380 (Fed. Cir. 2017).  "[M]ere guidance or instruction is insufficient to show 'conditioning.'" *Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*, 845 F.3d 1357, 1365-67 (Fed. Cir. 2017).  Sapphire cannot meet this standard because the FAC suffers from three fatal flaws.

---

[5] The FAC and accompanying infringement chart are silent as to whether and with whom Robinhood formed a "joint enterprise." Even if Sapphire relies on a joint enterprise theory of divided infringement, Sapphire has no good faith basis to allege that Robinhood has (1) an agreement, express or implied, among the millions of users of its application; (2) a common purpose to be carried out by this group; (3) a community of pecuniary interest in that purpose, among the users; *and* (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control.  *See Akamai*, 797 F.3d at 1023.

First, the FAC's allegations of direction and control between Robinhood and end-users are insufficient for the "providing an image transfer device" limitation.  The FAC's incorporated infringement chart alleges that:

> [a] [T]he Robinhood App completely controls, through its software, operation of the image transfer device in the smartphone, which allows a user to scan a receipt.[6]

> [b] The Robinhood Application therefore exercise[s] complete direction and control over the operation of the smartphone camera.

> [c] Additionally, Robinhood requires its users to, through the Robinhood App, use the smartphone camera in a manner that will always infringe this step of the method.

> [d] As such, Robinhood conditions participation in using this central Application feature upon performing a step that satisfies this limitation.

D.I. 109-2 at 3.  However, these allegations are insufficient because merely allowing users to perform functions on their own smartphone is not exercising "direction or control" over them and their actions.

With respect to the first allegation, labeled [a] above, Sapphire argues that the "***Robinhood app*** completely controls . . . operation of the image transfer device . . . which allows a user to scan a receipt."  Sapphire's allegation is misguided and does not support a joint infringement claim.  Sapphire must plead facts to allege that ***Robinhood*** (not the Robinhood app) controls the actions of the ***user*** (not the operation of a device).  It has not done so.  *See Sentius*, No. 4:20-CV-00477, 2020 WL 2850286, at *4.  Furthermore, even if the Robinhood app could "control" the device, this statement is still insufficient because Sapphire alleges that this merely

---

[6] Sapphire has no good faith basis to allege that users scan a "receipt." None of the materials cited by Sapphire indicates that a user must submit a receipt. This baseless allegation is another instance of Sapphire's failure to conduct a thorough pre-suit investigation to craft a plausible infringement theory.

"*allows a user* to scan a receipt."  However, the "word 'allow' does not suggest conditioning a benefit," which is required for joint infringement.  *Id.* at *6.  Instead, it confirms that users are free to interact with Robinhood's app on their own smartphone as they see fit, and that there is no direction or control from Robinhood. *See id.* (dismissing plaintiff's divided infringement allegations because the accused software only "allows" the user to practice a portion of the claimed method).

With respect to the second allegation, labeled [b] above, Sapphire argues that the "Robinhood Application therefore exercise[s] complete direction and control over the operation of the smartphone camera."  D.I. 109-2 at 3.  This allegation is also deficient because merely alleging that Robinhood's app controls the camera is insufficient to satisfy the standard that **Robinhood** (not the Robinhood app) exercises control over the **end-user** (not the operation of a device).  *See Sentius*, No. 4:20-CV-00477, 2020 WL 2850286, at *4.  Robinhood does not require millions of end-users to operate the camera on their smartphones.  It merely gives them the option of doing so, and that is insufficient for divided infringement.  *See id.* at *6.

With respect to the third and fourth allegations, labeled [c] and [d] above, Sapphire argues that "Robinhood requires its users to, through the Robinhood App, use the smartphone camera in a manner that will always infringe this step of the method," and that "Robinhood conditions participation in using this central Application feature upon performing a step that satisfies this limitation."  D.I. 109-2 at 3.  This allegation is not plausible, and it is unclear how Sapphire could have any good faith basis for asserting that Robinhood "requires" people to use the camera on their own smartphones.  *Lyda*, 838 F.3d 1331 (affirming dismissal with prejudice because the defendant could not possibly control how third-parties use their own smartphones).  As noted above, merely allowing a person to use the camera is insufficient.

12

In an attempt to support its allegation that Robinhood "conditions participation" on "performing a step that satisfies this limitation," Sapphire cites an excerpt from Robinhood's website.  D.I. 109-2 at 4-6.  This webpage describes how a person has the option to submit documents through the app.[7]  However, ***Sapphire omits the very next section of this webpage***, which explicitly states that a user also has the option to "upload documents through our secure file portal" via the end-user's computer.  Ex. F at 2.  In other words, users are not required to use the Robinhood app to upload documents.[8]  Because Robinhood makes two different document upload options available to its users, Sapphire cannot allege in good faith that Robinhood "requires" end-users to interact with the Robinhood app in this manner or that Robinhood "conditions participation" in the use of their service on uploading documents via the app.  *See Sonrai Sys., LLC v. AMCS Group, Inc.*, No. 16-C9404, 2017 WL 4281122, at *6 (N.D. Ill. Sept. 27, 2017) (dismissing joint infringement claims because "the fact that [the accused defendant] simply provided the technology falls short of the control over [the accused third-party] that is required to substantiate a joint infringement theory").  For these reasons alone, Sapphire's divided infringement claim should be dismissed with prejudice.

Second, the FAC does not include any allegation of divided infringement with respect to many of the method steps.  As described above, Robinhood does not and cannot perform those steps.  Robinhood does not perform the method steps of "reading the image," "automatically

---

[7] *See* Ex. F, *How To Send In Documents*, Robinhood,
https://robinhood.com/us/en/support/articles/how-to-send-in-documents/ (last visited Jul. 27, 2020).  The version of this webpage that is attached to the FAC is not the current version.  There are only slight word choice differences between the prior version of this webpage and the current version of this webpage.

[8] Robinhood's direct communications to customers confirm that Robinhood asks users to upload documents via their computers and not via the Robinhood app.  *See* Ex. G, Robinhood Customer Macros.

upload[ing] electronic data," "automatically merg[ing] the electronic data with the image," or "transferring the merged image" because those actions occur—if at all—when end-users operate their own smartphone.  Moreover, the FAC fails to allege that Robinhood directs or controls a person that might perform those steps.  For this reason as well, Sapphire's divided infringement claim should be dismissed with prejudice.

Third, the "conditions a benefit" theory for a divided infringement allegation is only applicable for the time period after the accused infringer received actual notice of its alleged divided infringement.  The "conditions a benefit" theory was first articulated in *Akamai* and was premised on the Supreme Court's decision in *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005).  *Akamai*, 797 F.3d at 1023.  In particular, the *Akamai* decision cites *Grokster* for the proposition that "an actor 'infringes vicariously by profiting from direct infringement' ***if that actor has the right and ability to stop or limit the infringement***." *Id*. (emphasis added).  In short, the divided infringement doctrine exists to stop current and future infringement, and it does not exist to remedy an allegation of past infringement.  However, in this matter, the only divided infringement allegation is for past infringement. Robinhood had no knowledge of the '633 patent until after it expired and after this lawsuit was served.  As such, it was not possible for Robinhood to have the "right and ability to stop or limit" this alleged past infringement of the '633 patent, and there is no current or future infringement allegation because the '633 patent is expired.

If Sapphire is permitted to stretch the joint infringement standard to include conduct that Robinhood had no "right and ability to stop or limit," then joint infringement would essentially abrogate induced and contributory infringement.  In essence, Sapphire's improperly broad interpretation of the divided infringement standard would allow Sapphire to make indirect

14

infringement allegations under the guise of a divided infringement allegation, but without having to plead and prove the statutory requirements of knowledge and intent for indirect infringement allegations.  This is not and cannot be the law for divided infringement based on only an allegation of past infringement.

For all of these reasons, Sapphire's divided infringement allegation should be dismissed with prejudice.

### C.      The FAC Fails To State A Claim For Willful Infringement.

To sufficiently plead willful infringement, Sapphire must allege facts plausibly showing that Robinhood: (1) **_knew of the patent-in-suit_**; (2) after acquiring that knowledge, infringed the patent; and (3) in doing so, knew, or should have known, that its conduct amounted to infringement of the patent.  *Valinge Innovation AB v. Halstead New England Corp.*, No. CV 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018).  Sapphire has failed to plead facts that meet these elements, and no amendment can cure this deficiency.

Sapphire's entire willful infringement "pleading" is not even an allegation.  It is merely a prayer for relief: "Sapphire respectfully requests the following relief: … A judgment that Defendant has willfully infringed one or more claims of the '633 Patent with an award of treble damages."  D.I. 109 at 4.  Sapphire never alleges any facts that even remotely meet each required element of a willful infringement allegation.  On this basis alone, the Court should dismiss Sapphire's claim of willful infringement because Sapphire failed to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

Furthermore, Sapphire cannot amend its complaint to allege any plausible theory of willful infringement because Robinhood had no knowledge of the '633 patent before this lawsuit. Robinhood only learned about the existence of the '633 patent when it was served with the

original complaint on July 30, 2019.[9]  However, the '633 patent also expired on July 30, 2019,

which means any possible basis for willful infringement ended on the same day.  "[T]here can be

no infringement once the patent expires," including willful infringement, because "the rights

flowing from a patent exist only for the term of the patent."  *AstraZeneca AB v. Apotex Corp*.,

782 F.3d 1324, 1343 (Fed. Cir. 2015) (citations omitted).  Therefore, even if Sapphire could

amend its FAC to plausibly allege the required elements of willful infringement, it would only

result in *de minimis* liability of one day, at best.  *See Babbage Holdings, LLC v. Activision

Blizzard, Inc.*, No. 2:13-CV-750, 2014 WL 2115616, at *2 (E.D. Tex. May 15, 2014) (finding

that plaintiff "has failed to allege more than a *de minimis* [] infringement claim, which does not

justify or support the use of this Court's limited resources" where defendant allegedly received

notice of asserted patent three to six days before patent expired).  For this reason as well, the

Court should dismiss Sapphire's willful infringement allegations.

### D.   The FAC Fails To Plead Compliance With The Notice And Marking Statute, 35 U.S.C. § 287(a).

Sapphire's allegation of pre-suit damages should be dismissed because the FAC fails to

plead compliance with the notice and marking provisions of 35 U.S.C. § 287(a).[10]  The marking

---

[9] Service of a complaint, not filing a complaint, impacts notice of an asserted patent.  *See, e.g.*, *Princeton Digital Image Corp. v. Ubisoft Entm't SA*, No. CV 13-335-LPS-CJB, 2016 WL 6594076, at *9 (D. Del. Nov. 4, 2016), report and recommendation adopted, No. CV 13-335-LPS-CJB, 2017 WL 6337188 (D. Del. Dec. 12, 2017) ("It is not disputed that service of the original Complaint … gave that Defendant actual knowledge of the [asserted patent].");  *Chalumeau Power Sys. LLC v. Alcatel-Lucent*, No. CIV.A. 11-1175-RGA, 2012 WL 6968938, at *1 (D. Del. July 18, 2012) ("Service of the original complaint gives the defendants actual notice of the patent's existence.");  *Memory Integrity, LLC v. Intel Corp*., No. 3:15-CV-00262-SI, 2015 WL 4251026, at *2 (D. Or. July 13, 2015) ("Knowledge of the patent is straightforward: Service of the complaint provides the defendant with notice of the patent's existence, and knowledge of the patent as of the date of service is sufficient.").

[10] There is no allegation for post-suit damages in the FAC, and no allegation is possible, because the '633 patent expired on the day this lawsuit was filed.

statute "encourages the patentee to give notice to the public of the patent." *American Med. Sys.,
Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993).  The patentee bears the burden of
pleading compliance with the marking statute.  *Express Mobile, Inc. v. DreamHost LLC*, No.
1:18-CV-01173-RGA, 2019 WL 2514418, at *2 (D. Del. Jun. 18, 2019) (citing *Arctic Cat Inc. v.
Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017)).  When a patent
contains both method and apparatus claims, a patentee is required to mark "to the extent that
there is a tangible item to mark by which notice of the asserted method claims can be given.'"
*American Med. Sys.*, 6 F.3d at 1538. "A claim for ***past damages requires pleading compliance
with the marking statute***—even when compliance is achieved, factually, by doing nothing at
all." *Express Mobile*, No. 1:18-CV-01173-RGA, 2019 WL 2514418, at *2 (emphasis added).

Sapphire failed to meet its burden to plead compliance with the marking statute.  The
FAC includes only the conclusory statement that Sapphire is "entitled to recover damages
adequate to compensate for Defendant's infringement."  D.I. 109 at 4.  This is insufficient to
plead compliance with the marking statute.  Therefore, Sapphire's claim for past damages should
be dismissed.  *See Express Mobile*, No. 1:18-CV-01173-RGA, 2019 WL 2514418, at *2
(granting motion to dismiss for past damages even though plaintiff argued "there [was] no
evidence that there was anything for it to mark" because plaintiff could "not argue that it pled
compliance" with marking statute).

Furthermore, Sapphire cannot amend its FAC in good faith to plead compliance with the
marking statute.  When the '633 patent was issued on May 10, 2005, it contained 18 apparatus
claims and 8 method claims.  '633 patent col. 15-20.  A patent that contains both apparatus and
method claims must be marked on any licensed product in order to satisfy Section 287.  *See, e.g.,
IMX, Inc. v. LendingTree, LLC*, No. 1:03-CV-01067-SLR, D.I. 225 at 9-11 (D. Del. Dec. 16,

17

2005) (ruling that plaintiff was not entitled to pre-litigation damages because plaintiff did not comply with its duty to mark the embodiment of the patented method and system).  Until all claims (except claims 19 and 20) were cancelled on January 6, 2017, the '633 patent was likely licensed to dozens of companies.  *See* Ex. A.  Sapphire has no good faith basis to plead in a further amended complaint that the '633 patent was properly marked on all of these companies' licensed products because Sapphire has never even seen the licensing agreements with these companies.  Ex. H at 1-2, Jun. 29-30, 2020 Emails from Rabicoff to Sherwin (annotated with highlighting).  In fact, Sapphire admits that it "does not have possession or control of any other agreements, including the Ruby Sands agreements (to the extent that they exist)."  *Id*.  In short, Sapphire cannot plead any good faith allegation that all licensees have complied with their marking obligations because Sapphire does not have the agreements to know what those marking obligations were.  For this reason as well, Sapphire's claim for past damages should be dismissed with prejudice.

## VI.    CONCLUSION

For the foregoing reasons, Sapphire's First Amended Complaint should be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6).

18

Dated: July 31, 2020

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/ Amy M. Dudash*

Jason C. White (admitted *pro hac vice*)
Scott D. Sherwin (admitted *pro hac vice*)
Brittany A. Washington (*pro hac vice* pending)
Morgan, Lewis & Bockius LLP
77 West Wacker Drive, Sixth Floor
Chicago, IL 60601
Telephone: 312.324.1000
jason.white@morganlewis.com
scott.sherwin@morganlewis.com
brittany.washington@morganlewis.com

Amy M. Dudash (DE Bar No. 5741)
The Nemours Building
1007 North Orange Street, Suite 501
Wilmington, Delaware 19801
Telephone: 302.574.3000
amy.dudash@morganlewis.com

*Attorneys for Defendant*
*Robinhood Markets, Inc.*

19