# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAPPHIRE CROSSING LLC,<br><br>  Plaintiff,<br><br>v.<br><br>ROBINHOOD MARKETS, INC.,<br><br>  Defendant. | Civil Action No. 18-1717-MN-CJB<br>(Consolidated) |
| SAPPHIRE CROSSING LLC,<br><br>  Plaintiff,<br><br>v.<br><br>EXPENSIFY, INC.,<br><br>  Defendant. | Civil Action No. 20-726-MN-CJB |

## REPORT AND RECOMMENDATION

Presently pending before the Court in these patent infringement cases are Defendant Robinhood Markets, Inc.'s ("Robinhood") and Defendant Expensify, Inc.'s ("Expensify," and collectively with Robinhood, "Defendants") motions seeking dismissal of Plaintiff Sapphire Crossing LLC's ("Plaintiff" or "Sapphire Crossing") First Amended Complaints ("FACs"), filed pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motions"). (Civil Action No. 18-1717-MN-CJB, D.I. 116; Civil Action No. 20-726-MN-CJB, D.I. 11) For the reasons that follow, the Court recommends that the Motions be GRANTED-IN-PART and DENIED-IN-PART.

**I.   BACKGROUND**

A.     **Factual Background**[1]

In these cases, Plaintiff asserts United States Patent No. 6,891,633 (the "'633 patent"). The Court has previously described the '633 patent in some detail in, *inter alia*, an August 14, 2019 Report and Recommendation issued in Civil Action No. 18-1717-MN-CJB (the "consolidated action"); the Court incorporates that discussion by reference into this opinion. (D.I. 47 at 3-6)  The '633 patent is entitled "Image Transfer System" and it describes an "electronic assembly comprising an image transfer device for reading and transferring an image from a first medium, and a computer." (D.I. 109, ex. A (the "'633 patent") at 1)  The application that resulted in the '633 Patent was filed on July 30, 1999. (*Id.*)

On March 8, 2016, Unified Patents Inc. petitioned the United States Patent and Trademark Office's Patent Trial and Appeal Board ("PTAB") to institute *inter partes* review ("IPR") of every claim (i.e., claims 1-26) of the '633 patent. (D.I. 13, ex. A at 2)  On August 29, 2016, the PTAB instituted review on all claims of the patent except claims 19 and 20. *Unified Patents Inc. v. Ruby Sands LLC*, Case IPR2016-00723, Paper No. 7 at 2 (P.T.A.B. Aug. 29, 2016).  And on January 6, 2017, at the request of the patent's then-owner, Ruby Sands LLC ("Ruby Sands"), the PTAB cancelled all of the patent's claims except claims 19 and 20. (D.I. 117 at 4); *Unified Patents Inc. v. Ruby Sands LLC*, Case IPR2016-00723, Paper No. 18 (P.T.A.B. Jan. 6, 2017).

On March 23, 2018, Ruby Sands assigned the '633 patent to Sapphire Crossing, who is the patent's current assignee. (D.I. 117 at 4; D.I. 109 at ¶ 7)  And on July 30, 2019, the '633 patent expired. (D.I. 117 at 16; *see also* '633 patent)

---

[1]     Unless otherwise noted below, citations herein will be to the docket in Civil Action No. 18-1717-MN-CJB.

2

       Claims 19 and 20 of the '633 patent are reproduced below:

> **19.** A method for transferring information from a first medium, the method comprising the steps of:
>
> providing an image transfer device having a scanner for reading an image on the first medium;
>
> reading the image on the first medium with the scanner;
>
> automatically uploading electronic data including at least a portion of an image transfer menu to be displayed by the image transfer device to the transfer device from a computer connected to the transfer device;
>
> with a processor of the image transfer device, automatically merging the electronic data with the image read by the scanner; and
>
> transferring the merged image by the transfer device to a second medium.
>
> **20.** A method in accordance with claim **19**, wherein the electronic data uploaded from the computer to the image transfer device stays with the image transfer device after the computer is disconnected from the image transfer device.

('633 patent, col. 18:7-24)

       In Count 1 of the respective FACs (the only Count therein), Plaintiff asserts that Defendants are guilty of direct infringement of claims 19 and 20, in that Defendants' applications (or "apps") are used to perform the claimed methods. (D.I. 109 at 3-4) More specifically, Plaintiff alleges that Robinhood's "Robinhood App" or "Robinhood Application" and Expensify's "Expensify Application" are software that infringes the claims when used with a smartphone to allow a user to scan a receipt. (D.I. 109, ex. 2 at 3; Civil Action No. 20-726-MN-CJB, D.I. 8, ex. 2 at 4) In exhibits attached to the FACs, Plaintiff provides claim charts (the

"claim charts") explaining in more detail why Defendants are said to infringe the two claims at issue.

### B.     Procedural Background

Plaintiff filed its initial Complaint against Robinhood on July 28, 2019 in Civil Action No. 19-1402-MN-CJB (the "Robinhood action").  (Civil Action No. 19-1402-MN-CJB, D.I. 1)  The case was stayed pending the resolution of a motion to dismiss in the consolidated action; that motion to dismiss was premised on the assertion that the '633 patent was patent-ineligible pursuant to 35 U.S.C. § 101 (the "Section 101 motion to dismiss").  (Civil Action No. 19-1402-MN-CJB, D.I. 11, D.I. 14)  After the Court ultimately issued a Report and Recommendation recommending denial of the Section 101 motion to dismiss, on April 6, 2020, the Court lifted the stay in the Robinhood action.  (Civil Action No. 19-1402-MN-CJB, D.I. 12)  The Robinhood action was then consolidated with and thus became a part of the consolidated action.  (Civil Action No. 19-1402-MN-CJB, D.I. 14)  On July 6, 2020, Plaintiff filed the operative FAC against Robinhood.  (D.I. 109)  Robinhood filed its Motion on July 31, 2020, (D.I. 116), and briefing on the Motion (including a notice of supplemental authority filed by Robinhood) was completed on October 29, 2020, (D.I. 122).

On May 29, 2020, Plaintiff filed its initial Complaint against Expensify in Civil Action No. 20-726-MN-CJB (the "Expensify action").  (Civil Action No. 20-726-MN-CJB, D.I. 1)  On June 22, 2020, Plaintiff filed its operative FAC in that case.  (Civil Action No. 20-726-MN-CJB, D.I. 8)  Expensify filed its Motion on July 24, 2020, (Civil Action No. 20-726-MN-CJB, D.I.

11), and briefing on the Motion (including a notice of supplemental authority filed by Expensify) was completed on November 5, 2020, (Civil Action No. 20-726-MN-CJB, D.I. 30).[2]

## II.  STANDARD OF REVIEW

When presented with a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210-11. Second, the court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In assessing the plausibility of a claim, the court must "'construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Fowler*, 578 F.3d at 210 (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).

## III.  DISCUSSION

In the FACs, Plaintiff alleges that Robinhood directly and willfully infringes claims 19 and 20 and that Expensify directly infringes those claims. (D.I. 109 at 3-4; Civil Action No. 20-726-MN-CJB, D.I. 8 at 2-3) With their Motions, Defendants raise two common arguments: (1) Plaintiff has failed to adequately plead "single actor" direct infringement.; and (2) Plaintiff has

---

[2]  The two cases at issue here have each been referred to the Court by United States District Judge Maryellen Noreika to hear and resolve all pre-trial matters, up to and including expert discovery matters. (D.I. 12; Civil Action No. 20-726-MN-CJB, D.I. 6)

failed to adequately plead "divided" direct infringement. (D.I. 117 at 6-15; Civil Action No. 20-726-MN-CJB, D.I. 12 at 9-13) Robinhood's Motion raises two additional arguments: (1) Plaintiff has failed to adequately plead willful infringement.; and (2) Plaintiff has failed to adequately plead compliance with the marking statute, 35 U.S.C. § 287(a). (D.I. 117 at 15-18) The Court will take up these arguments in turn.

> A. **"Single Actor" Direct Infringement**

Direct infringement under 35 U.S.C. § 271(a) occurs "where all steps of a claimed method are performed by or attributable to a single entity." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015). One typical way to assert that a defendant is liable for direct infringement is to allege that the defendant itself performs every step of the claimed methods. This type of direct infringement allegation will be referred to herein as "single actor" direct infringement.

From reading Plaintiff's answering briefs, the Court understands that in the FACs, Plaintiff only intends to put forward one theory as to why Defendants are guilty of single actor direct infringement. (D.I. 118; Civil Action No. 20-726-MN-CJB, D.I. 18)[3] This theory has to do with Defendants' own internal testing and use of their apps. In the respective FACs, Plaintiff makes this allegation as follows:

> Defendant also has and continues to directly infringe, literally and under the doctrine of equivalents, [claims 19 and 20], by having its employees internally test and use the [accused products].

---

[3] The portions of Plaintiff's answering briefs in the Robinhood and Expensify actions that deal with the issues commonly raised by Defendants are nearly identical. Therefore, when addressing those issues, the Court will hereafter only cite to Plaintiff's brief in the consolidated action, unless otherwise noted.

(D.I. 109 at ¶ 15; Civil Action No. 20-726-MN-CJB, D.I. 8 at ¶ 12)  In its briefing, Robinhood did not contest, at least here at the pleading stage, that such allegations were plausible.  (D.I. 119 at 1, 3 & n.2)  But Expensify did contest that issue, arguing that the above allegation amounts to "'threadbare recitals of a cause of action's elements, supported by mere conclusory statements' and [is] insufficient to meet the pleading standard."  (Civil Action No. 20-726-MN-CJB, D.I. 12 at 13 (citation omitted))  So the Court will address Plaintiff's single actor direct infringement allegation as to Expensify.

To be sure, the above-referenced allegation about internal employee testing is brief.  If that sentence were all that was in (or attached to) the FAC, then Plaintiff might not have made out a plausible infringement claim.  But Plaintiff augments the allegation with the claim charts that are attached to the FAC, which explain how a user of a smartphone with the Expensify Application loaded on to it is said to infringe the claims.  (Civil Action No. 20-726-MN-CJB, D.I. 8, ex. 2)

Now, one challenge for Plaintiff here is that (as is further discussed below in Section III.B) the claim charts read as if the user of the smartphone referenced therein is an Expensify *customer*—not an *employee* of Expensify who is doing internal company testing.  (*Id.* at 4 ("Additionally, Expensify *requires its users* to, through the Expensify App[lication], use the smartphone camera in a manner that will always infringe this step of the method.") (emphasis added))  That said, it seems plausible that a software company like Expensify would, from time to time, conduct the type of internal testing of its app product (via the use of a smartphone) that is being described in the FAC.  (*See* Civil Action No. 20-726-MN-CJB, D.I. 18 at 3-4)  And if its employees did so, then it seems plausible that they would be doing exactly what the customer "users" are alleged to be doing in the claim charts—all of which is alleged to infringe claims 19

and 20. In light of this, the Court can see how the FAC and its attached claim charts, when read together, set out a plausible single actor direct infringement scenario as to Expensify's own internal testing. *See Sentius Int'l, LLC v. Apple Inc.*, Case No. 4:20-cv-00477-YGR, 2020 WL 6081775, at *3 (N.D. Cal. Oct. 15, 2020) (denying a motion to dismiss, filed pursuant to Rule 12(b)(6), in part because "[w]hile [defendant] Apple undoubtedly designs its products for other users, the Court finds it plausible that Apple may have tested its products or otherwise executed the relevant methods in the course of product development and support").

Accordingly, to the extent the FAC's Count 1 seeks to accuse Robinhood and Expensify of single actor direct infringement, the Court recommends that the Motions be denied, in light of the FAC's allegations about infringement due to internal testing.[4]

### B.     "Divided" Direct Infringement

In Count 1 of the FACs, Plaintiff also intends to plead a claim for "divided" direct infringement (sometimes known as "joint infringement"), that is, infringement that occurs by way of the acts of more than one person or entity. To successfully plead "divided" infringement, a plaintiff must allege facts "sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction or control' over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Lyda v. CBS Corp.*, 838 F.3d

---

[4] As such, "[w]hile Sapphire [Crossing] may pursue its claims based on internal testing, damages [regarding any claim of single actor direct] infringement are limited and must be tied to the internal use." *Sapphire Crossing LLC v. Abbyy USA Software House, Inc.*, Case No. 20-cv-03590-YGR, 2020 WL 6318716, at *2 n.3 (N.D. Cal. Oct. 28, 2020) (citing *Packet Intelligence LLC v. NetScout Sys., Inc.*, 965 F.3d 1299, 1314-15 (Fed. Cir. 2020); *De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, W-19-CV-00617-ADA, 2020 WL 3528411, at *5 n.7 (W.D. Tex. Feb. 11, 2020)); (*see also* D.I. 122).

1331, 1339 (Fed. Cir. 2016) (citing *Akamai Techs., Inc.*, 797 F.3d at 1022).  Here, Plaintiff solely relies on the "direction or control" theory of divided infringement.  (*See, e.g.*, D.I. 109, ex. 2 at 3; Civil Action No. 20-726-MN-CJB, D.I. 8, ex. 2 at 4)

The relevant "direction or control" test "requires the controlling party to be, in effect, the 'mastermind' of the entire process."  *Midwest Energy Emissions Corp. v. Vistra Energy Corp.*, Civil Action No. 19-1334-RGA-CJB, 2020 WL 3316056, at *9 (D. Del. June 18, 2020) (citations omitted).  A plaintiff can sufficiently plead that a defendant directs or controls another's performance of the claimed method if it demonstrates that the defendant:  (1) "conditions participation in an activity or receipt of a benefit upon others' performance of one or more steps of [the] patented method"; and (2) "establishes the manner or timing of that performance." *IOGENE, LLC v. PayPal Holdings, Inc.*, Civil Action No. 18-452-WCB, Civil Action No. 18-826-WCB, 2019 WL 330515, at *1 (D. Del. Jan. 25, 2019) (internal quotation marks and emphasis omitted).

In its claim charts attached to the FACs, Plaintiff explains its divided infringement theory further.  For example, here is how Plaintiff describes the theory as to how Defendants are said to infringe the first step of the method claims—i.e., the step that requires the infringer to be "providing an image transfer device having a scanner for reading an image on the first medium" (the "providing" step):

> The method for transferring information (e.g., image of the document [or paper receipt]) from a first medium (e.g., paper [receipt]) provides an image transfer device (e.g., smartphone) having a scanner (e.g., camera of the smartphone) for reading an image on the first medium.
>
> In particular, as shown below, the [Robinhood App or Expensify Application] completely controls, through its software, operation of the image transfer device in the smartphone, which allows a user

9

> to scan a receipt. The [Robinhood Application or Expensify Application] therefore exercise[s] complete direction and control over the operation of the smartphone camera. Additionally [Robinhood/Expensify] requires its users to, through the [Robinhood App or Expensify Application], use the smartphone camera in a manner that will always infringe this step of the method. As such [Robinhood/Expensify] conditions participation in using this central Application feature upon performing a step that satisfies this limitation.
>
> Accordingly, [Robinhood/Expensify] is responsible for all of the aforementioned activities, and is therefore at least liable for direct divided infringement.

(D.I. 109, ex. 2 at 3; Civil Action No. 20-726-MN-CJB, D.I. 8, ex. 2 at 4) From the above, it is clear that Plaintiff's allegation is that an "image transfer device" is a "smartphone"[5] and that infringement occurs when Defendants' customer "users" use their smartphone, in conjunction with Defendants' apps, to scan receipts and take further action related thereto.

In light of this, the Court concludes that Plaintiff has failed to make out a plausible claim of divided infringement, because the FACs do not plausibly suggest that Defendants exercise direction or control over the claims' "providing" step. In order to perform this step, a person would actually have to be "providing" the "image transfer device" (i.e., the smartphone). The Court does not understand how Defendants could be said to direct or control the performance of that step if Defendants' *users* are the ones who possess the smartphone at issue and those users

---

[5] As Defendants note, (D.I. 117 at 7 n.4), Plaintiff's allegation here is a little confusing, in that although Plaintiff clearly states at one point that the "image transfer device" at issue is a smartphone, Plaintiff then goes on to allege that Defendants utilize an application that "controls, through its software, operation of the image transfer device *in the smartphone*[,]" (D.I. 109, ex. 2 at 3; Civil Action No. 20-726-MN-CJB, D.I. 8, ex. 2 at 4). As Defendants do, the Court will treat Plaintiff's allegation as one alleging that the smartphone itself is the requisite image transfer device for purposes of resolving these Motions. (D.I. 117 at 7 n.4)

do not get the smartphone from Defendants. (D.I. 119 at 5 & n.4 ("When a user engages an app to turn the [smartphone] camera 'on,' Robinhood is not providing a smartphone to that user. They already have the smartphone.")) Indeed, Defendants are not alleged to be makers or distributors of smartphones (and Defendants say that any such allegation would be impossible, since they do not make, sell, or otherwise provide end users with smartphones). (D.I. 117 at 6-8; Civil Action No. 20-726-MN-CJB, D.I. 12 at 10-11)[6]

Plaintiff's response to this is to: (1) assert that Defendants' argument for dismissal here amounts to a claim construction dispute over the meaning of "providing"; (2) suggest that "the plain and ordinary meaning of 'providing' should at least include 'offering access to the device's functionality'"; and (3) argue that it would be premature to grant the Motions on this ground at the Rule 12 stage. (D.I. 118 at 3) To be sure, if a defendant's Rule 12(b)(6) motion turns on the disputed meaning of a claim term, and there is any reasonable way that the plaintiff's understanding of the term could be correct, then the plaintiff's infringement claim would be plausible and the claim construction issue should be further dealt with at the *Markman* stage. *See, e.g.*, *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1349-50 (Fed. Cir. 2018); *Pragmatus AV, LLC v. Yahoo! Inc.*, Civil Action No. 11-902-LPS-CJB, 2012 WL 6044793, at *6-8 (D. Del. Nov. 13, 2012), *report and recommendation adopted*, 2013 WL 2295344 (D. Del. May 24, 2013). But on the other hand, the Court is not required to accept implausible arguments at the

---

[6] *Cf. F'Real Foods, LLC v. Hamilton Beach Brands, Inc.*, 457 F. Supp. 3d 434, 438 (D. Del. 2020) (recognizing that a similar claim limitation's use of the phrase "*providing* a mixing machine" meant "making a mixing machine available for use[,]" and that the plaintiffs' contrary argument would "essentially alter the 'providing a mixing machine step' by making it a passive step[,]" which was incorrect because "[a] method step is something that must be 'performed'") (internal quotation marks and citation omitted, emphasis added).

pleading stage—such as a plaintiff's argument that turns on an implausible or unreasonable reading of a claim term's meaning. *See, e.g.*, *Sapphire Crossing LLC v. Abbyy USA Software House, Inc.*, Case No. 20-cv-03590-YGR, 2020 WL 6318716, at *3 (N.D. Cal. Oct. 28, 2020) ("Plaintiff is correct that claim construction is not properly resolved on a motion to dismiss. . . . However, that does not require the Court to accept implausible claims."); *Andrulis Pharms. Corp. v. Celgene Corp.*, Civil Action No. 13-1644-RGA, 2014 WL 1572906, at *1 & n.1 (D. Del. Apr. 10, 2014) (dismissing a direct infringement claim where, despite plaintiff's argument to the contrary, "the claim at issue is a method claim that cannot possibly be read to make direct infringers out of anyone other than [third parties]"). And here, the Court just cannot see how a person could possibly be practicing the method at issue by "providing" an image transfer device (i.e., a smartphone), without either: (1) possessing or controlling the image transfer device; or (2) supplying or making the device available to another person.[7] *Cf. Sentius Int'l, LLC v. Apple Inc.*, Case No. 4:20-cv-00477-YGR, 2020 WL 2850286, at *4 (N.D. Cal. June 2, 2020) ("Devices do not use a method for purposes of patent infringement—people do. Accordingly, the use of a method by a device creates liability for the party that controls the device[.]"). So the Court does not see how Defendants could possibly direct or control that "providing" step.

Therefore, the Court recommends that Defendants' Motions be granted as to dismissal of any claim in the FACs regarding divided infringement.[8]

---

[7] Notably, in its answering brief, Plaintiff provides no explanation for *why* its seemingly unreasonable understanding of "providing" could be correct. It made its argument in one paragraph of the brief, which contained four sentences that were devoid of any such analysis. (*See, e.g.*, D.I. 118 at 3)

[8] Robinhood put forward other grounds for dismissal of the divided infringement allegations against it, (D.I. 117 at 11-15; D.I. 119 at 4-9), which the Court need not address here in light of its decision above.

### C.     Willful Infringement

Next, Robinhood challenges Plaintiff's claim of willful infringement.  (D.I. 117 at 15-16) To sufficiently plead a claim for willful infringement, "a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer:  (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Välinge Innovation AB v. Halstead New England Corp.*, Civil Action No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018), *report and recommendation adopted*, 2018 WL 11013901 (D. Del. Nov. 6, 2018).

As Robinhood points out, Plaintiff does not actually attempt to plead facts that expressly go to the issue of willful infringement.  Instead, Plaintiff barely references the term "willful infringement" in the FAC, doing so only in the FAC's "Prayer for Relief."  (D.I. 117 at 15; *see* D.I. 109 at 4 ("Sapphire respectfully requests the following relief: . . . [a] judgment that Defendant has willfully infringed one or more claims of the '633 Patent with an award of treble damanges[.]"))  So the FAC contains no factual allegations that would support a claim of willful infringement at least prior to the date that Robinhood was served with the original Complaint in this case.  *Chalumeau Power Sys. LLC v. Alcatel-Lucent*, Civil Action No. 11-1175-RGA, 2012 WL 6968938, at *1 (D. Del. July 18, 2012) ("Service of the original complaint gives the defendants actual notice of the patent's existence.").

From the docket, it appears that someone who is in some way affiliated with Robinhood was served with the FAC at 9:08 a.m. on July 30, 2019.  (Civil Action No. 19-1402-MN-CJB, D.I. 5)  But, as it turns out, the '633 patent expired on July 30, 2019—that same day.  The Court guesses that, in light of all of this, it might be theoretically possible for Plaintiff to pursue what

would have to go down as the most *de minimis* claim of willful infringement in this Court's history. But whether such a claim—revolving around whether Robinhood knew of the patent and its infringement thereof, during a roughly 15-hour time period on July 30, 2019—would even be plausible would depend on exactly who got served with the Complaint on July 30, 2019 and what their relationship with Robinhood is. Yet the record provides little information on that front. Thus, in the Court's view, the best course is to grant Robinhood's Motion as to willful infringement, and if Plaintiff believes it can (and should) pursue such a claim here, then in a further amended pleading, it can attempt to set out the factual basis for such a claim.

### D.     Compliance with the Marking Statute

Lastly, Robinhood argues that Plaintiff has failed to sufficiently plead compliance with the marking statute, 35 U.S.C. § 287(a), such that there is no basis to maintain Plaintiff's claims for past damages. (D.I. 117 at 16-18) The marking statute requires that if a patentee makes or sells a patented article, then in order for it or its licensees to recover damages for patent infringement, the patentee must mark the article in accordance with the statute (or, failing that, it must give actual notice to a direct infringer of the infringement). *See Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020). The patentee bears the burden to plead compliance with the marking statute. *Express Mobile, Inc. v. DreamHost LLC*, Civil Action No. 1:18-cv-01173-RGA, Civil Action No. 1:18-cv-01175-RGA, 2019 WL 2514418, at *2 (D. Del. June 18, 2019) (citing *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017)).

However, the notice provisions of the marking statute "do[] not apply" where the patent is directed to a process or method. *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1316-17 (Fed. Cir. 2009). And in a case where a plaintiff is only asserting

method claims of a patent that includes both method and apparatus claims, the marking statute does not apply. *Id.* (citing *Hanson v. Alpine Valley Ski Area*, 718 F.2d 1075, 1082-83 (Fed. Cir. 1983)).

Here, while the '633 patent once included both apparatus and method claims, all of the claims of that patent—other than method claims 19 and 20—were cancelled well before the Robinhood action began. So the only claims of the patent-in-suit that existed at the time this case began, and the only claims now asserted in the FAC, are two method claims. Therefore, it is clear that, under these circumstances, the marking statute does "not apply" to this case or to the FAC. *Crown Packaging Tech.*, 559 F.3d at 1316-17. In light of this, the Court cannot see why Plaintiff would (as Robinhood suggests), (D.I. 119 at 10), be required to either plead or prove compliance with a statute that is manifestly inapplicable to this case. (D.I. 118 at 5); *see also Abbyy USA Software House*, 2020 WL 6318716, at *4 (concluding the same as to plaintiff's assertion, in a related matter, of method claims 19 and 20).

The Court thus recommends that Robinhood's Motion be denied to the extent it asserts that failure to comply with the marking statute is a basis for dismissal.

## IV. CONCLUSION

For all of the above reasons, the Court recommends that the Motions be GRANTED-IN-PART and DENIED-IN-PART. More specifically, the Court recommends that both Motions be DENIED as to the FACs' claim of single actor direct infringement, but GRANTED as to the FACs' claims of divided direct infringement. The Court also recommends that Robinhood's

Motion be GRANTED as to Plaintiff's claim of willful infringement, and DENIED as to Robinhood's challenge regarding the marking statute.[9]

With regard to any further amendment of the pleadings, in light of its analysis above, the Court does not see how Plaintiff could address the FACs' failings with regard to the divided infringement issue. As to the claim for willful infringement, if the District Court affirms the Court's grant of the Motions, the Court recommends that Plaintiff be given 14 days to file a further amended pleading addressing that issue.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated: January 15, 2021

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

---

[9] Robinhood's request for oral argument, (D.I. 120), is DENIED.